# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER HINOJOSA,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:07-cv-00373-LJO-GSA PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE SECOND AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(DOC. 15)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.　　Screening Requirement**

Plaintiff Leroy Dewitt Hunter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 7, 2007, at which time he was a pre-trial detainee. The complaint was dismissed by the Court on November 21, 2008, with leave to amend. Plaintiff filed his first amended complaint on December 31, 2008. For the reasons stated below, Plaintiff is ordered to file second amended complaint or to notify the Court of his willingness to proceed only on the due process claim found to be cognizable in this order within thirty days.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A9(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal...fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which applies to section 1983 actions. Swierkiewicz v. Sorema N.A., 534 U,S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "Such statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Swierkiewicz, 534 U.S. at 12. However, "the liberal pleading standard...applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

    **A.     Summary of Complaint**

Plaintiff's complaint is almost illegible in some parts and difficult to read. To the best of Court's ability to decipher Plaintiff's complaint, Plaintiff alleges that Defendant Hinojosa applied his handcuffs with excessive force on January 3, 2007, disregarding his medical issues such as diabetes, and cutting off his circulation to the point of causing numbness, bruising, scars, nightmares and emotional trauma. Plaintiff alleges that Defendant Hinojosa violated the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment, and the Cruel and Unusual Punishment Clause of the Eighth Amendment.

    **B.     Eighth Amendment/Fourteenth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). It is the Due Process Clause of the Fourteenth Amendment that protects pre-trial

///

detainees from the use of excessive force.  Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir. 1991) (quoting Graham v. Connor at 395 n.10).

In resolving a substantive due process claim, courts must balance "'several factors focusing on the reasonableness of the officers' actions given the circumstances.'"  White v. Roper, 901 F.2d 1501, 1507 (9th Cir.1990) (quoting Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987) (overruled on other grounds)).  In the White case, the Ninth Circuit articulated four factors that courts should consider in resolving a due process claim alleging excessive force.  The factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline.  White at 1507.

Plaintiff alleges that Defendant applied handcuffs with excessive force to the point that it caused him numbness, bruising, scars, nightmares, and other emotional trauma.  Under the liberal federal pleading rules, Plaintiff alleges sufficient facts to state a claim for excessive force under the Due Process Clause of the Fourteenth Amendment against Defendant Hinojosa.           .

**C.     Equal Protection**

Plaintiff alleges that Defendant Hinojosa committed a hate crime against him when he applied handcuffs on him with excessive force.  The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim may be established in two ways.  First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972);

Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff's allegations that Defendant Hinojosa applied handcuffs with excessive force do not implicate the Equal Protection Clause. Plaintiff fails to allege that Defendant Hinojosa discriminated against him on the basis of his membership in a protected class, such as race, or that Defendant Hinojosa treated him differently from other similarly situated individuals without a rational relationship to a legitimate state purpose. Thus, Plaintiff's allegations fail to state an equal protection claim.

### III.    Conclusion and Order

Plaintiff's complaint states a cognizable due process claim against Defendant Hinojosa. However, the complaint does not state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only on the claim identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims, and will forward Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff chooses to amend, his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

1  Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
2  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
3  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
4  pleading," E.D. Cal. R. 15-220. The Court may not consider information from the original complaint
5  once Plaintiff chooses to amend his complaint. E.D. Cal. R. 15-220. In the first amended complaint,
6  Plaintiff directed the Court to refer back to p. 3 of the original complaint, but the Court may not
7  consider such information. E.D. Cal. R. 15-220. If Plaintiff wishes the Court to consider
8  information from the original complaint, Plaintiff must include such information in his second
9  amended complaint. E.D. Cal. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in
10 an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d
11 at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth,
12 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only on a due process claim against Defendant Hinojosa;
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 5, 2009**                    **/s/ Gary S. Austin**

5

UNITED STATES MAGISTRATE JUDGE