**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>        Plaintiff,<br><br>   vs.<br><br>YOUNGBLOOD, et al.,<br><br>        Defendants.<br>_____/ | 1:07-cv-00373-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANT HINOJOSA FOR EXCESSIVE FORCE UNDER THE DUE PROCESS CLAUSE, AND THAT ALL REMAINING CLAIMS AND DEFENDANTS BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

        Plaintiff Leroy Dewitt Hunter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint on March 7, 2007, against defendants Kern County Sheriff Donny Youngblood, Officer P. Davis, Officer Hinojosa, Deputy Sheriff Sergeant Mann, and District Attorney Edward R. Jagels, and alleged claims for excessive force, supervisory liability, and malicious prosecution . (Doc. 1.) On December 31, 2008, Plaintiff filed a first amended complaint, upon which this case now proceeds. (Doc. 15.) The first amended complaint names only Officer Hinojosa as a defendant and alleges claims for excessive force and equal protection.

        The Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and found that it states a cognizable claim for relief under section 1983 against defendant Officer Hinojosa for excessive force under the Due Process Clause. On June 11, 2009, Plaintiff was given leave to either file a second amended complaint, or in the alternative, to notify the Court that he does not wish to file a second amended complaint and instead wishes to proceed only on the claim identified by the Court as viable/cognizable in the Court's order. (Doc. 16.) On August 31, 2009, Plaintiff filed written notice

to the Court that he does not wish to file a second amended complaint and only wishes to proceed against defendant Hinojosa on the claim for excessive force under the Due Process Clause.  (Doc. 18.)

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed only against Officer Hinojosa, for excessive force under the Due Process Clause;
2. All remaining claims and defendants be dismissed from this action;
3. Plaintiff's claims against defendants Kern County Sheriff Donny Youngblood, Officer P. Davis, Deputy Sheriff Sergeant Mann, and District Attorney Edward R. Jagels be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them; and
4. Plaintiff's claims for equal protection, supervisory liability, and malicious prosecution be dismissed for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 3, 2009                              /s/ Gary S. Austin
                                                            UNITED STATES MAGISTRATE JUDGE