# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY D. HUNTER,<br><br>             Plaintiff,<br><br>     v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:07-cv-00373-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTIONS<br><br>(Docs. 28, 33, 36)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Leroy D. Hunter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are three motions from Plaintiff. On January 6, 2010, Plaintiff filed a motion requesting the Court to order prison officials to transfer Plaintiff to his medical appointments outside his prison. Plaintiff also requests the Court to order prison officials to only use plastic "flex cuffs" or waist chains. (Doc. #28.) On April 19, 2010, Plaintiff filed a motion "for demand of polygraph and sodium penthal examination for Plaintiff and Defendants." (Doc. #33.) Plaintiff's motion also requests appointment of counsel. Plaintiff filed a third motion on June 15, 2010, that is incomprehensible and written in a confusing format.[1] (Doc. #36.) Plaintiff's motion mentions imminent danger and being sent to administrative segregation. Plaintiff also mentions being deprived of his property and having difficulty preparing

---

[1] It is difficult for the Court to describe the format of Plaintiff's motion. The first four pages are written such that text is written in three to four separated sections on the paper. It appears as if Plaintiff wrote his motion on three to four smaller pieces of paper and taped them together to form one standard 8.5 x 11 sheet of paper. The smaller sections are of varying shapes and sizes. It is unclear if each section is meant to be read in a certain order and, if so, what order they should be read in. The difficulty is compounded by the use of nonsensical legal terminology.

1

a second amended complaint. Plaintiff also attached over 80 pages of exhibits to his motion.

Plaintiff fails to cite any authority, such as cases or statutes, that supports his requests for relief. Since the grounds for Plaintiff's requests for relief are unclear, the Court will construe Plaintiff's motions as requesting preliminary injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff fails to demonstrate that he is entitled to the relief he requests, and fails to identify any grounds that entitle him to the relief that he requests. For example, Plaintiff demands that the Court conduct a polygraph examination of Plaintiff and Defendants, but fails to cite any case or statutory authority for his request. Even if the Court were to liberally construe Plaintiff's motions as requesting preliminary injunctive relief under Federal Rule of Civil Procedure 65, Plaintiff has failed to demonstrate the necessary grounds for relief. Plaintiff has made no effort to demonstrate

that he is likely to succeed on the merits of his lawsuit, that the balance of equities tips in his favor, or that the relief requested is in the public's interest. It is unclear what irreparable injury Plaintiff will suffer in the absence of preliminary injunctive relief. Plaintiff's third motion is entirely incomprehensible and it is unclear what relief Plaintiff is requesting.

As for Plaintiff's request for appointment of counsel, Plaintiff is advised that he does not have a constitutional right to appointed counsel in this type of action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court has no authority to require an attorney to represent Plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). The Court has no reliable method of securing and compensating counsel to represent litigants such as Plaintiff and will only seek the voluntary assistance of counsel in exceptional circumstances pursuant to 28 U.S.C. § 1915(e)(1). See Rand, 113 F.3d at 1525. The Court finds that exceptional circumstances do not exist in this case.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:      August 10, 2010**               /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE