# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY D. HUNTER, | CASE NO. 1:07-cv-00373-LJO-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 45, 54) |
| DONNY YOUNGBLOOD, et al., | |
| Defendants. / | |

Plaintiff Leroy D. Hunter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are two motions filed by Plaintiff.

On September 1, 2010, Plaintiff filed what appears to be a motion requesting that the Court take judicial notice of certain facts. (Doc. #45.) Although Plaintiff's motion mentions a request for judicial notice, it is unclear what facts should be judicially noticed. Plaintiff's motion appears to be related to Defendants' motion to dismiss. Defendants' motion to dismiss was withdrawn on October 25, 2010, and it is unclear what Plaintiff is requesting in his motion. Accordingly, Plaintiff's motion will be denied.

On January 12, 2011, Plaintiff filed a motion which appears to request that the Court arrange for the parties to undergo polygraph examinations. Plaintiff's motion is confusing, rambling and unintelligible; it consists mainly of biblical references and vague accusations of misconduct by Defendants and their counsel.

///

1     Plaintiff is advised that it is his responsibility to produce evidence in support of his
2 allegations. The Court cannot provide Plaintiff with legal aid or services, such as arranging for the
3 parties to submit to a polygraph examination. If Plaintiff believes that a polygraph examination
4 would yield relevant evidence, it is his burden to arrange and pay for such services.[1] Accordingly,
5 to the extent that Plaintiff's motion requests court ordered polygraph examinations, Plaintiff's
6 request will be denied.

7     Finally, the Court notes that Defendants filed a motion to compel on November 23, 2010, and
8 Plaintiff has not filed an opposition or statement of no opposition. By Local Rule, Plaintiff is
9 required to file an opposition or statement of no opposition to Defendants' motion. See Local Rule
10 230(l). "Failure of the responding party to file an opposition or to file a statement of no opposition
11 may be deemed a waiver of any opposition to the granting of the motion and may result in the
12 imposition of sanctions." Local Rule 230(l). The Court will order Plaintiff to file an opposition or
13 statement of no opposition to Defendants' motion to compel within thirty (30) days of the date of
14 service of this order. Plaintiff is hereby forewarned that **failure to file an opposition or statement**
15 **of no opposition to Defendants' motion to compel may result in the imposition of sanctions,**
16 **such as dismissal of this action, for the failure to obey a court order and the local rules.** No
17 extensions of time will be granted for the filing of an opposition or statement of no opposition.

18     Based on the foregoing, it is HEREBY ORDERED that:

19     1.    Plaintiff's September 1, 2010, motion is DENIED;

20     2.    Plaintiff's January 12, 2011, motion is DENIED; and

21     3.    Plaintiff shall file an opposition or statement of no opposition to Defendants'
22     November 23, 2010, motion to compel within thirty (30) days of the date of service
23     of this order.

24 IT IS SO ORDERED.

25 **Dated:**   **February 15, 2011**        /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE
26

---

27     [1] The Court offers no opinion as to the admissibility or probative value of such a polygraph examination. It
28 is Plaintiff's burden to research whether a polygraph examination would be admissible as evidence in these
proceedings.